**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) GREG CARLISLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIV-18-483-M |
| | ) | |
| **vs.** | ) | |
| | ) | **COMPLAINT** |
| **(1) MIDLAND FUNDING, LLC, AND** | ) | **(Unlawful Debt Collection Practices)** |
| **(2) MIDLAND CREDIT MANAGEMENT, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES Plaintiff, Greg Carlisle, and for a Complaint against Defendants, Midland Funding LLC and Midland Credit Management, Inc., alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Midland Funding LLC ("Midland"), and Midland Credit Management, Inc. ("MCM") for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete injury to reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

**PARTIES**

8. Plaintiff is a natural person who resides in Oklahoma County, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendants are each a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, California 92108. It acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Oklahoma via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

12. Defendant Midland buys/obtains large portfolios of defaulted medical debts for pennies on the dollar, which it then collects upon by posting negative information to consumer's personal credit reports and through other collection agencies, like its sister corporation, Defendant Midland Credit Management, Inc.

13. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, California 92108. MCM does or transacts business in Oklahoma, though it has no employees here.

14. Defendant MCM is a collection agency and attempts to collect debts held in the name of Midland Funding, LLC.

15. Defendant MCM holds collection agency licenses from various states.

16. Defendant MCM regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

17. Midland, MCM and their parent, Encore Capital Group ("Encore"), were recently the target of an administrative action filed by the federal Consumer Financial Protection Bureau ("CFPB") for violation of the FDCPA. On September 9, 2015, a Consent Order was entered in that proceeding[1]. The CFPB ordered Encore to refund customers up to $42,000,000.00, to stop efforts to collect on $125,000,000.00 in debts and to pay a $10,000,000.00 penalty. Some of the findings were that:

a) Encore is one of the largest Debt buyers and collectors in the United States. From 2009 to 2015, Encore's estimated gross collections totaled over $5 billion, with net income of more than $384 million.

b) Encore has filed hundreds of thousands of lawsuits to collect Consumer Debt. Most of the Consumers sued by Encore are not represented by counsel. Encore has placed tens

[1] The consent order is available for download at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf. Defendant Midland has stipulated to the facts contained in the Consent Order in a separate document available for download at http://files.consumerfinance.gov/f/201509_cfpb_stipulation-encore-capital-group.pdf

of thousands of accounts with law firms staffed by fewer than ten attorneys, such as Defendant LBN. Encore has encouraged these law firms to file lawsuits on a large percentage of accounts, prohibited them from contacting previous owners of the Debt for account-level documentation, and discouraged them from requesting account-level documentation Encore did not deem necessary to settle a case or obtain a judgment. (Para. 48).

## FACTUAL ALLEGATIONS

18. In late January of 2017, consumer Plaintiff checked his credit report and noticed an amount reported by Defendant Midland Funding that did not seem correct.

19. On February 6, 2017, Plaintiff placed a telephone call to Defendant Midland Credit Management advising Defendants that Plaintiff disputed the alleged debt.

20. However, on February 9, 2017, Defendants reported the alleged debt to Plaintiff's credit reports, but failed to communicate that the debt was disputed by the consumer Plaintiff.

21. On February 24, 2017, and at least once a month since that time, Defendants reported the alleged debt to Plaintiff's credit reports but failed to report as disputed.

22. On March 8, 2018, Plaintiff again placed a telephone call to Defendant Midland Credit Management and again disputed the alleged debt, wherein, in response, Defendant offered to settle at a 40% reduction of the alleged amount owed.

23. However, on March 23, 2018, and April 20, 2018, Defendants again reported the alleged debt to Plaintiff's credit reports but failed to report as disputed.

24. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of

a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

25. Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

26. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**

28. On February 9, 2017, Defendants knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified Defendants of that dispute

29. Even though Defendants knew or should have known, prior to February 9, 2017, that Plaintiff disputed owing the alleged debt, Defendants failed to thereafter communicate the fact of Plaintiff's dispute to the credit reporting agencies to which Defendants communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

30. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger and frustration, amongst other negative emotions.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

31. Defendants violated §1692e(8) of the FDCPA by failing to communicate that a disputed debt is disputed to Plaintiff's credit reporting bureaus.

**WHEREFORE**, Plaintiff, Greg Carlisle, respectfully prays that judgment be entered against Defendants, Midland Funding LLC and Midland Credit Management, Inc., jointly, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNTLAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
3684@paramount-law.net